UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>WILLIAM EMORY MCDOWELL,<br><br>        Defendant. | CASE NO. CR04-5193 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant William McDowell's motion for reconsideration. Dkt. 284.

On February 18, 2021, the Court denied McDowell's motion to modify the conditions of his release to eliminate GPS monitoring entirely. Dkt. 283. The Court concluded that McDowell did not "provide any new information that is material other than that he is having irritation on his ankle as a result of the GPS ankle monitor" and that "[t]he present curfew restriction between 10:00 p.m. and 6:00 a.m., which was imposed by Judge Leighton on a previous motion to reduce conditions of release, is not an onerous condition and remains justified . . . ." *Id.* at 3. The Court reached this conclusion, in part,

ORDER - 1

because McDowell did not provide any medical support for his assertion that the GPS monitor was causing a health issue.

McDowell now seeks reconsideration of that Order, providing a statement from Brittany A. Schroeder, ARNP at Allenmore Internal Medicine in Tacoma, Washington, to support his argument that he is having medical complications due to the GPS monitor. Dkt. 284 at 2–3; Dkt. 285.

Motions for reconsideration are governed by Criminal Local Rule 12(b)(13), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Criminal Rules W.D. Wash. LCR 12(b)(13)(A). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

McDowell has presented new facts in the form of the statement from ARNP Schroeder, but her opinion does not materially alter the Court's analysis or decision in the

1 | underlying Order. ARNP Schoeder simply states that McDowell "would benefit from
2 | different type of monitoring device that is not on his ankle as to avoid medical
3 | complications." Dkt. 285 at 3. This statement does not explain if McDowell is currently
4 | experiencing medical complications from the GPS device and, if so, what the
5 | complications are or what they are likely to be in the future with reasonable medical
6 | certainty. The single sentence is insufficient evidence to warrant a reconsideration of the
7 | Court's previous order.
8 | McDowell's motion for reconsideration, Dkt. 284, is therefore **DENIED**.
9 | **IT IS SO ORDERED.**
10 | Dated this 20th day of April, 2021.

BENJAMIN H. SETTLE
United States District Judge